UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FENIX SECURITIES, LLC.<br><br>                    Petitioner,<br><br>and<br><br>AXOS CLEARING LLC (FORMERLY KNOWN AS COR CLEARING LLC),<br><br>                    Respondents. | Case No. 1:19-cv-03331<br><br>**MEMORANDUM OF LAW IN OPPOSITION** |

Respondent Axos Clearing LLC (formerly known as COR Clearing LLC) (hereinafter "Axos") submits this memorandum of law, together with the declaration of Ethan McComb, with exhibits thereto (the McComb Decl."), both dated April 16, 2019, in opposition to the application of petitioner Fenix Securities, LLC (hereinafter "Petitioner" or "Fenix") for injunctive relief pending arbitration.

This application stems from a fully disclosed clearing agreement entered into between Fenix, a broker-dealer, and Axos, a clearing firm on October 15, 2015 (the "FDCA"). Pursuant to the FDCA, Axos was to perform certain clearing functions with regard to trades entered into by Fenix. Axos had the rights under the FDCA to decline to process trades or instructions and to terminate the agreement immediately without notice upon its reasonable business judgment that its reputation was at risk as a result of the association with Fenix. Axos exercised the contractual right to terminate the FDCA and Fenix has brought this application in reply. The McComb Decl. sets forth the facts relevant to this memo of law and the Court is respectfully referred thereto.

Fenix's application should be denied for the reasons set forth below and in the McComb declaration.

docs-100117737.2

I.  **LEGAL STANDARD.**

Plaintiff seeks a temporary restraining order in the first instance and, following that, the issuance of a preliminary injunction. The standard is the same for both motions. *See AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) (J. Marrero). "Temporary restraining orders and preliminary injunctions are 'one of the most drastic tools in the arsenal of judicial remedies,' and must be used with great care." *Id.* (quoting *Grand River Enter. Six Nations, Ltd., v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)). The moving party must demonstrate: (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *See id.* The moving party must also demonstrate that the public interest is not disserved by the issuance of the injunction. *See Salinger v. Coking*, 607 F.3d 68, 79-80 (2d Cir. 2010). The moving party must demonstrate each of these requirements "*by a clear showing.*" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original).

Further, "[a] mandatory injunction is one which would alter the status quo by commanding some positive act." *Jordan v. Metro. Life Ins. Co.*, 280 F. Supp. 2d 104, 108 (S.D.N.Y. 2003) (internal quotes and citations omitted). The relief sought by Fenix herein is essentially mandatory in nature. The FDCA has been terminated and Fenix seeks to compel Axos to perform services and acts for Fenix. This is the very essence of a mandatory injunction. "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32,

37 (2d Cir. 2018) (citation omitted); *Jordan*, 280 F. Supp. 2d at 108 ("A heightened standard applies where the injunction which plaintiff seeks is mandatory in nature") (citation omitted).

Plaintiff has failed to meet its burden as to each element.

### a. Plaintiff Cannot Demonstrate Irreparable Harm.

A showing of irreparable harm is the "single most important prerequisite" for issuance of a temporary restraining order or preliminary injunction. *AFA Dispensing,* 740 F. Supp. 2d at 472. "[T]o satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp.,* 559 F.3d 110, 118 (2d Cir. 2009) (internal quotes and citations omitted).

No one has foreclosed Fenix from going to another clearing firm and as McComb's declaration makes clear, it is industry custom to induce such movements with monetary inducements. Axos' exercise of its rights under the FDCA has neither foreclosed this ability nor put Fenix out of business.

### b. Plaintiff Cannot Show a Likelihood of Success on Its Claims.

"Under New York law, there are four elements to a breach of contract claim: '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Ellington Credit Fund, LTD. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188-89 (S.D.N.Y. 2011) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

Given the facts as set forth in the McComb Decl, it is clear that Axos has not breached its contract, the FDCA, with Fenix. The actions taken by Axos were specifically

docs-100117737.2

bargained for with Fenix, approved by FINRA, and contemplated by the parties at the outset of the contract.

Moreover, Fenix fails to specifically identify even one client that it claims to have lost or that such loss is imminent. *See TGG Ultimate Holdings, Inc. v. Hollett*, 2016 U.S. Dist. LEXIS 188014, at *11-12 (S.D.N.Y. Aug. 29, 2016) (holding that plaintiff had not offered anything more than bare allegations where plaintiff alleged that "certain clients" had advised that defendants have communicated with them, plaintiff had not identified any specific customers that have severed ties with plaintiff). An inchoate claim of unspecified loss cannot be said to meet the legal standards.

### c. The Balance of Equities and Hardships Decidedly Favors Defendants.

It is clear, given the explanation of the harm and reputational injury that Axos faces, that Axos is the one to whom the balance tips. Axos itself faces a real risk of irreparable harm in the clearing community and in the regulatory world should it be required to clear in the face of suspected violations of the AML rules and under a terminated FDCA.

In any event, given the facts, the balance certainly does not tip in favor of Fenix who is suspected to be in violation, repeatedly, of AML rules.

### d. The Public Interest Is Not Disserved by the Issuance of the Injunction.

In terminating the FDCA, Defendant properly exercise of its bargained for contractual right, and prohibiting Defendant from doing so would disserve the public interest. As explained in *Jill Stuart (Asia) LLC v. Sanei Int'l Co.*, 2013 U.S. Dist. LEXIS 50694, at *12-13 (S.D.N.Y. Apr. 4, 2013)

> Holding a party to a contractual obligation when it has merely exercised its bargained for rights is also against the public interest in allowing parties freely to contract. Had Jill Stuart wanted to prevent termination — or require termination to occur in a particular manner, it could have so provided in the contract. It did

4

docs-100117737.2

>  not do so. It bargained for and received simply a 30 day notice
>  and cure provision. There was always a risk that with such a
>  provision, the parties might dispute whether the alleged breach
>  was in fact a breach — but that does not mean that the
>  disagreeing party can then stop termination based on its view of
>  the merits.

*Id.*

Further, requiring Axos to potentially clear trades free from the regulatory overlay of compliance and AML could never be within the public interest. The public interest is best served by allowing clearing firms to exercise independent oversight and judgment in the administration of their contracts, clearing risks, and compliance with the applicable rules.

### e. In the Event that Injunctive Relief Is Granted, the Court Should Require Plaintiff to Post a Bond.

"Under Federal Rule of Civil Procedure 65(c), 'The court may issue a preliminary injunction... only if the movant gives security in an amount that the court considers proper....'" *Rex Med. L.P. v. Angiotech Pharm. (US), Inc.*, 754 F. Supp. 2d 616, 626 (S.D.N.Y. 2010) (quoting Fed. R. Civ. P. 65(c)). "It is well-settled that a district court has 'wide discretion in the matter of security and it has been held proper for the court to require no bond where there has been no proof of likelihood of harm.'" *Id.* (citations omitted). "The purpose of Rule 65(c) is to enable a restrained party to secure indemnification for the costs and pecuniary injury that may accrue during the period in which a wrongfully issued equitable order remains in effect." *Id.* (alterations and citations omitted). "As the Second Circuit explained, 'The injunction bond is designed 'to cover any damages that might result if it were later determined that [the applicant] was not entitled to an injunction.'" *Id.* (quoting *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith*, 910 F.2d 1049, 1055 (2d Cir. 1990)).

While there is no monetary remedy available to protect Axos from reputational harm, a bond may protect Axos from direct financial harm incurred by being forced to clear

5

trades and accept instructions in violation of the FDCA and Applicable Rules. This in the event that the Court is inclined to order the order to show cause, which respectfully, it should not be.

For the reasons set forth above, Fenix's application should not be granted.

Dated: New York, New York
      April 16, 2019

                              ANDERSON KILL, PC

                              By:  Jeremy E. Deutsch
                              Christian V. Cangiano
                              Christopher Paolino
                              1251 Avenue of the Americas
                              New York, NY  10020
                              212-278-1000
                              jdeutsch@andersonkill.com

docs-100117737.2