# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733

Jeremy E. Deutsch, Esq.
jdeutsch@andersonkill.com
212-278-1172

**_Via ECF_**                                                                                  April 25, 2019

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY  10007

    Re: Fenix Securities, LLC v. Axos Clearing LLC
      Case No.: 19 CIV. 3331 (LGS)

Dear Judge Schofield:

  We are counsel for Respondent Axos Clearing LLC ("Axos Clearing") and we write, pursuant to your Individual Rules and Procedures for Civil Cases, Rules III.A.1 and III.C.2, to inform the Court of Axos Clearing's intention to file a motion to dismiss the Petition for Injunctive Relief Pending Arbitration dated April 15, 2019 in lieu of an answer.

  Proposed Briefing Schedule. Axos Clearing believes that briefing for this motion can be abbreviated. Axos Clearing proposes to file its motion and papers by no later than May 6, would then propose opposition papers to be filed by May 16, and reply papers by May 22.

  Grounds for the motion. In brief, Axos Clearing will move on three grounds.

  First, the District Court, by the Hon. Kimba Wood, has denied Petitioner's request for injunctive relief in aid of arbitration, finding that Petitioner failed to demonstrate entitlement to relief on not one single ground in order to obtain a temporary restraining order (_see_ Docket #13). As the requirements for obtaining an injunction are the same as to obtain a temporary restraining order, it is clear that Petitioner will not be able to meet the high burden associated with mandatory injunctive relief. _See AFA Dispensing Group B.B. v. Anheuser-Busch, Inc._, 740 F.Supp. 2d 465, 471 (S.D.N.Y. 2019) (the standard is the same) and _N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc._, 883 F.3d 32, 37 (2d Cir. 2018) (mandatory injunctive relief requires meeting a higher burden).

  Second, while Petitioner styled this Petition as one "Pending Arbitration", in violation of FINRA Rule 13804, it has failed to commence the arbitration simultaneously with the filing of this Petition. Disputes between the parties are governed by FINRA arbitration, as per the contract. FINRA Rule 13804(a)(2) requires that: "[a] party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, at the same time, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute through the Party Portal. The party seeking temporary injunctive relief must also serve the statement of claim requesting permanent injunctive and all other relief on all other parties by overnight delivery service, hand delivery, email or facsimile. Service must be made on all parties at the same time and in the same manner, unless the parties agree otherwise."

Having failed to comply with the conditions precedent to commencing this instant action, Petitioner lacks standing to continue it.

Finally, Respondent has now commenced an arbitration before FINRA pursuant to the contract to resolve the disputes between the parties and thus this Court should not entertain the Petition as it may interfere or disturb the proper exercise of the jurisdiction of the FINRA arbitrators.

Respondent believes that each or any of the above-identified grounds provides sufficient cause to dismiss the Petition at this pre-answer stage.

We thank the Court for its courtesy and attention to this matter, and we are available if the Court has any questions or would like to speak with the parties.

Respectfully submitted,

ANDERSON KILL PC

By: _____

Jeremy E. Deutsch
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1172
Facsimile: (212) 278-1733
E-mail: jdeutsch@andersonkill.com

cc: All counsel by ECF